WATT & SINCLAIR OF FLORIDA, INC., v. E. J. HUNTER.

171 So. 817.

Opinion Filed January 5, 1937.

*Erle B. Askew* and *Osmond R. Bie,* for Plaintiff in Error; *Baskin, Jordan & Richards,* for Defendant in Error.

PER CURIAM.—Defendant in error, as plaintiff, brought a common law action against the plaintiff in error, as defendant, to recover damages for personal injuries received while working as a painter on the post office building at Clearwater. The declaration was in three counts, the first

count was predicated on the theory that the defendant was a general contractor and had a contract to erect the building indicated, that plaintiff was employed by the defendant as painter on said building, and that by reason of such employment defendant was bound to furnish him a safe place to work, that instead the scaffold on which he (plaintiff) was placed to work was so negligently constructed that it contained a defective board which broke under plaintiff's weight and caused him to fall twenty-two feet to a rough concrete floor from which he sustained severe injuries.

The second and third counts in substance restate the first count and in addition allege that defendant delegated the painting of said building to a sub-contractor, G. A. Lord, who employed the plaintiff as a painter, but that it was no less the duty of defendant to furnish Lord's servants safe places to work, that notwithstanding Lord's contract as sub-contractor plaintiff constantly received instructions from the defendant's agent, who directed and controlled the work of the plaintiff done under Lord's contract.

A demurrer to the declaration was overruled and the case was tried on the plea of not guilty, contributory negligence, that plaintiff assumed the risk incident to his employment, that plaintiff was the servant of Lord, an independent contractor, and that defendant owed him (plaintiff) no duty to furnish a safe place to work. There was a special plea to the second and third counts of the declaration to the effect that defendant's servant was without authority to give instructions to the plaintiff. The trial resulted in a verdict and judgment for the plaintiff, a new trial was denied, and final judgment was entered from which this writ of error was prosecuted.

The case was tried by plaintiff on the theory that the building in question was erected by the defendant, that

after it was completed defendant placed scaffolds around the interior for the use of the painters and directed them in their work and that under such circumstances it was the duty of defendant to provide a reasonably safe place for the painters to work.

If the evidence preponderated in support of this theory plaintiff would be entitled to recover. The record shows that defendant secured a contract to construct the post office building at Clearwater, that a man named Fagg superintended the construction in behalf of defendant, who sublet the painting to G. R. Lord under written contract which required him (Lord) to furnish all materials, all the labor, and complete the job for a named sum. It is shown that G. R. Lord was his own superintendent and directed the painting, but the evidence is in conflict as to whether he erected his scaffolds or whether he used those erected by defendant for the general contract.

We find nothing in the evidence to show that Fagg attempted in any way to direct the painting except to call attention to errors or oversights in the work. Such proof falls short of showing that Fagg took charge of or attempted to direct the painting so as to make his principal responsible in a case like this.

It is shown that the plaintiff was seriously injured, but the weight of the evidence is to the effect that Lord was to all intents and purposes an independent contractor, and that neither defendant's agents nor servants attempted to direct him in the execution of his painting contract. If Lord was an independent contractor no duty devolved on defendant to furnish his agents a safe place to work.

For these reasons the judgment below must be and is hereby reversed.

Reversed.

WHITFIELD, C. J., and ELLIS and TERRELL, J. J., concur.

BUFORD and DAVIS, J. J., dissent.

BROWN, J., not participating.

BUFORD, J. (dissenting).—I think that whether Lord was to and did furnish the scaffolding or the main contractor assumed to furnish the place to work and the way to and from the place or places where the work was to be done was the vital question presented by the pleadings and one which was presented to the jury on conflicting evidence which the jury resolved in favor of the plaintiff and therefore the judgment should be affirmed.

DAVIS, J. (dissenting).—I think in addition to what is said by Judge BUFORD that the case is ruled by Green v. Sanson, 41 Fla. 94, 25 Sou. 332 (5th headnote) and should be affirmed.