STATE, *ex rel.* WATT & SINCLAIR OF FLORIDA, INC. *v.* JOHN U. BIRD, as Judge of the Circuit-Court, Sixth Judicial Circuit.

175 So. 858.

Opinion Filed May 28, 1937.

Opinion on Petition for Rehearing Filed July 31, 1937.

*Erle B. Askew,* for Relator;
*Baskin & Jordan,* for Respondent.

BROWN, J.—The object of this mandamus proceeding is to compel the Circuit Judge to enter judgment for the defendant in a case in which the plaintiff had recovered a verdict and judgment in the Circuit Court which this Court had reversed on writ of error.

This proceeding is an aftermath of the opinion and decision rendered by this Court in the case of Watt & Sinclair of Florida, Inc., v. Hunter, 171 So. 817, decided January 5, 1937. It is not necessary here to repeat the details of the case. The pleadings and evidence are briefly reviewed in the opinion of the Court already reported in the Advance Sheets of the Southern Reporter, as above cited. Suffice it to say that E. J. Hunter, plaintiff in the Circuit Court, recovered a verdict and judgment in an action for damages for personal injuries against Watt & Sinclair of Florida, Inc., relator in this proceeding. One of the several pleas

in the case asserted that plaintiff was not the employee or servant of defendant, but of one Lord, an independent contractor, and that therefore the defendant owed plaintiff no duty to furnish him a safe place in which to work. After the testimony was closed, defendant moved for an instructed verdict, which motion was denied, and after the verdict for plaintiff was rendered, defendant moved for a new trial, which motion was also denied, and judgment was rendered in favor of plaintiff. This judgment was reversed by this Court.

In the opinion, this Court held (two of the Justices dissenting) that "the weight of the evidence is to the effect that Lord was to all intents and purposes an independent contractor, and that neither defendant's agents nor servants attempted to direct him in the execution of his painting contract. If Lord was an independent contractor, no duty devolved on defendant to furnish his agents a safe place to work." Then followed these words in a separate paragraph: "For these reasons the judgment below must be, and is hereby, reversed."

The mandate to the lower court was in the usual form, and after reciting the reversal of the judgment below, included an order awarding plaintiff in error its costs "in this behalf expended," leaving the amount blank, and directing the lower court that such further proceedings be had in the case "as, according to right, justice, the judgment of this Court and the laws of Florida, ought to be had."

So the substance of this Court's decision and mandate was that the verdict and the judgment rendered thereon were not supported by the evidence, and therefore the judgment of the trial court should be and was reversed for further proceedings not inconsistent with this Court's opinion and decision. While there was in this, as in many other reversed cases, no express instruction for the allowance of

a new trial, the lower court was left free to imply that under this decision a new trial could or should be ordered.

The contention of the relator, as shown by the alternative writ and the briefs and oral argument submitted in its behalf, is that this Court by its opinion and judgment, had conclusively adjudicated that the plaintiff was not entitled to recover against defendant in said cause, relator here, and in effect held that relator was entitled to an instructed verdict at the conclusion of all the testimony, and that this holding became the law of the case which on remandment the trial judge was in duty bound to follow; citing Harper Piano Co. v. Seaboard S. L. R. Co., 65 Fla. 490, 62 So. 482; Bloxham v. Central & P. R. Co., 39 Fla. 306, 22 So. 692; State v. Call, 36 Fla. 305, 18 So. 771. Our view is that the holdings in the cited cases are not controlling in the instant case.

After the case was remanded to the trial court, plaintiff Hunter applied to the Clerk to place the case on the trial docket. No application to amend the pleadings had been filed up to that time, nor up to the time this alternative writ was sued out. Shortly thereafter the docket was called by the respondent Circuit Judge, at which time the relator presented to him a motion for the entry of judgment in favor of relator in said cause, and for the assessment of plaintiff's costs incident to the appeal and for the issuance of execution therefor. The alternative writ alleges that said Judge did not entertain, or enter any order either granting or denying said motion, but took jurisdiction of the cause and set it for trial before a jury on a certain date during the term. The respondent Judge in his answer alleges that he did entertain the motion, but refused to grant the judgment sought by said motion, and deferred disposing of the question of costs to a later date, and that he intends at some proper time later on to dispose of the question of assessing

the costs, awarded by this Court, according to law. He does not allege that his refusal to enter the judgment sought by the motion was formally entered on the minutes of the Court.

While in a sense a judgment or ruling is rendered when it is orally announced by the presiding judge, yet until such order or judgment is entered of record, there is no competent evidence of its rendition, at least such as will support an appeal. Ellis v. State, 100 Fla. 27, 129 So. 106; Pittsburgh Steel Co. v. Struty, 60 Fla. 183, 53 So. 505. But this feature of the matter is of very little moment here. The command of the alternative writ is that said Judge forthwith enter a judgment in favor of the relator and assess the costs and include it in the judgment; that is, in effect, asking this Court to command the Circuit Judge to do what he was asked to do in the defendant's motion above referred to. Thus we take it the alternative writ assumes that said respondent Judge had in effect refused to do what it here seeks to compel him to do.

Of course, when a relator in mandamus proceedings seeks to compel a judicial officer to enter a particular order or judgment, it must be made to appear by the facts alleged in the petition and alternative writ that it is the clear legal and ministerial duty of such judicial officer to do the exact thing commanded; that it is a matter as to which he has no discretionary power whatever to do otherwise. In our opinion, no such showing is made by the relator here.

The case most nearly in point here, that has been brought to our attention, is one of our Florida cases, the case of Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115. A previous judgment in the case had been reversed by this Court. Everett v. Webb Furniture Co., 98 Fla. 780, 124 So. 278. It was held in that case on the second writ of error that a new trial should be awarded where a judgment

in a common law action has been reversed by the appellate court because of insufficiency of the evidence to support the verdict. In that case, Mr. Justice TERRELL, speaking for a unanimous court, said:

"Plaintiff in error contends that the reversal by this Court was unqualified and by inference bore the right to a new trial. Defendant in error counters by contending that the reversal closed the case and presented to the lower court no alternative but to enter judgment for the defendant. The trial court so held.

"Section 2918, Revised General Statutes of 1920 (Section 4637, Compiled General Laws of 1927) provides that it shall be the duty of the court on appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence, or decree of the court below, or to give such judgment, sentence, or decree as the court below ought to have given or as it may appear according to law.

"With this statute in mind this Court has repeatedly held that a judgment of reversal is not necessarily an adjudication of any other question than that discussed and decided by the appellate court and that on the going down of the mandate, when the entire decree is reversed the case stands as if there had been no decree. Phifer v. Abbott, 73 Fla. 402, 74 So. 488; Peacock v. Our Home Life Ins. Co., 73 Fla. 1207, 75 So. 799; South Florida Lumber and Supply Co. v. Read, 65 Fla. 61, 61 So. 125; Florida East Coast Co. v. Geiger, 66 Fla. 582, 64 So. 238.

"To support his contention defendant in error relies on Section 2921, Revised General Statutes of 1920 (Section 4640, Compiled General Laws of 1927) which in effect provides that an appellate court in reversing a judgment on writ of error may, by its order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the

record or upon a part of such issues only, and if on reversal a new trial is directed as to part of the issues only all other issues shall be deemed to be settled conclusively in favor of the defendant in error.

"This statute is not mandatory, it is directory. If this Court had always observed it the deduction of defendant in error would follow as of course, but since it is directory and this Court has been irregular in its observance it has little or no bearing on this case, in which nothing was adjudicated on the former writ of error except the sufficiency of the evidence to support the verdict." * * *

"The sound rule seems to be that when error occurs in the trial of a common law action by reason of which the judgment is reversed, on remand of the cause the parties are restored to the position they found themselves at the time the error was committed and the cause must be tried again, but if reversible error is committed after the trial the adverse rule follows. Such has been the general practice in this State in both common law and criminal actions. * * * It follows that plaintiff's motion to amend its declaration should have been granted and a new trial ordered."

It is true that in the case at bar the plaintiff, after remandment, had not moved to amend his pleadings when the case was set down for another trial. But we do not regard that circumstance as controlling here. The original judgment was reversed because the weight of the evidence was against the plaintiff on at least one of the vital issues made by the pleadings. The granting of another trial on the same pleadings would not be contrary to our reversal of the original judgment. If on the second trial, the plaintiff can produce evidence which would result in throwing the weight of the evidence in his favor, he would be entitled to recover. If he cannot do this, and the evidence on that issue remains substantially the same, under our opinion and

judgment, the defendant would be entitled to a verdict and judgment in its favor, in consonance with the "law of the case" rule. See 4 C. J. 1213, 1217.

A reading of the entire opinion in the Webb Furniture Co. case convinces us that the reasoning therein contained rules this case, and that the respondent judge in the case at bar was justified in refusing relator's motion to enter judgment for the defendant after the reversal of the judgment for plaintiff, and was also justified in setting the case down for another trial. In 3 Am. Jur. 697, it is said:

"When an order reversing a judgment is entered in an appellate court, such judgment is forthwith vacated, and no longer remains in existence, and for some purposes is treated as if it had never existed. * * * The appellant is restored to the position in which he was before the judgment was pronounced against him."

See also, as to powers of lower court after remand without specific directions, 4 C. J. 1220.

For the reasons above indicated, the relator's demurrer to respondent's answer is overruled, and the answer being a sufficient reply to the alternative writ, and not having been denied except as to one allegation above noted, which we deem immaterial, the issuance of the peremptory writ is denied, and the proceeding dismissed.

It is so ordered.

ELLIS, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING.

BROWN, J.—The petition for rehearing states that this Court omitted and failed to decide a vital question in this case. The question referred to is in substance this: When at the conclusion of all the evidence in a case the defendant moves the court for an instructed verdict, which he is en-

titled to, and the defendant is compelled to take a writ of error to reverse an adverse verdict and judgment, which reversal he secures, is he not upon a remand of the case entitled to a judgment as a matter of law?

If it were necessary or appropriate for us to rule upon this question in this proceeding, the abstract question as thus stated would doubtless be answered in the affirmative. But this question is not here presented to us for a decision. It will be observed that this question was not referred to in the opinion of this Court in the case of Watt and Sinclair of Florida, Inc., v. Hunter, 171 So. 817. There is no mention in the opinion of the fact that a motion for an instructed verdict was made by the defendant at the close of the evidence; nor did this Court adjudicate the question as to whether the court below did or did not err in refusing the motion. By a divided Court it was merely held that the *weight* of the evidence was to the effect that Lord was an independent contractor, as set up in one of defendant's pleas. Two of the Justices of this Court were of the opinion that the evidence presented to the jury was so conflicting that its settlement of that question in favor of the plaintiff should not have been disturbed. It is well settled in this State that if the evidence is conflicting or admits of different reasonable inferences, or if there is some evidence tending to prove the issue, a motion for an instructed verdict should be denied and the case should be submitted to the jury, and not taken from the jury and passed upon by the court as a matter of law. But where under the evidence the jury could not lawfully find a verdict for the plaintiff, a verdict in favor of the defendant should be instructed, and failure to do so constitutes reversible error for which a judgment for plaintiff will be reversed. In such a case, there is nothing in the original opinion in *this* case which could be construed as holding that a negative

answer should be given to the question above referred to, which question it is not necessary here to decide. In this general connection see our recent case, not yet reported, of Talley v. McCain, and the opinion on petition for rehearing in the case of Dudley v. Harrison, McCready & Co., which is not yet reported. The opinion on the original hearing in the latter case appears in 173 So. 820. See also 3 Am. Jr. p. 705, *et seq.,* 5 C. J. S. pp. 1477, 1547, 1548; and Gravette v. Turner, 77 Fla. 311, 81 So. 476; Rivers v. City of Gainesville, 115 Fla. 602, 155 So. 844; 13 Encyc. Dig. Fla. Reports, 305-313, and Baltimore & Carolina Line v. Redman, 295 U. S. 654, 79 L. Ed. 1636.

Petition for rehearing denied.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.