ARMOS DIXON v. STATE.

196 So. 604
Division B
Opinion Filed June 4, 1940

278

*Robert E. Willis,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, Armos Dixon, was indicted by a Grand Jury of Manatee County, Florida, for murder in the first degree for the unlawful killing of Joe Perry on the 21st day of May, 1939. On July 3, 1939, the plaintiff in error, hereinafter referred to as the defendant, was arraigned and entered a plea of not guilty. The defendant was placed on trial and convicted of the crime of murder in the second degree and was by the trial court sentenced to the State Prison at hard labor for a period of twenty years. A motion for a new trial was made and overruled, and on writ of error to said judgment it is contended that said judgment, for a number of reasons, should be reversed.

It is admitted that the defendant killed Joe Perry, but in so doing acted in self defense, and when the defendant was on the witness stand certain questions were propounded to him which were material and pertinent to his defense but the trial court sustained objections made by the State Attorney, and these rulings are assigned as error and are, viz.:

"Q. Armos you believed that Joe Perry was trying to kill you?

"Mr. Smiley: We object to that as being a leading question.

"Court: Objection sustained to the leading form; exception.

"Q. What did you do after you hit Joe Perry with the knife—after you cut him?

"A. After I cut him I made for the door and it was the third time that I pushed him away and had got out.

"Q. When Joe came at you with the knife, what did you think was about to happen?

"A. He was going to cut me.

"Mr. Smiley: We object to that question as calling for the conclusion of the witness.

"Court: Objection sustained to the form of the question; exception noted."

Counsel for plaintiff in error cites Lane v. State, 44 Fla. 105, 32 So. 896, and Rowe v. State, 120 Fla. 649, 163 So. 22, as authority for their contention. We agree fully with all that is said in each of these cases. It is contended by the State that the questions, *supra,* assigned as error are each leading questions and their allowance or disallowance was within the sound discretion of the trial court and authorities are cited to sustain this contention. The record further shows that other questions were propounded to the witness, who answered same in full and to which no objections were interposed by the State, and are viz.:

"Q. In what attitude did he hold the knife—how did he hold it do you recall?

"A. Swinging.

"Q. Why was it that you cut Joe Perry now?

"A. To keep him from cutting me.

"Q. Just how did you cut him in the leg—stand up and show the jury?

"A. He swung after me and after he swung I give him a push and struck him in the side as I pushed him back— he made for me before I could get to the door—I pushed him again and got out that time.

"Q. He came at you again after you had cut him?

"A. Yes sir.

"Q. After you did finally get out of the way, did he come behind you?

"A. I don't know and I didn't look back.

"Q. Were you trying to kill him?

"A. No sir.

"Q. Did you have any intention to kill him?

"A. No sir, I have had no cross words at all."

When the questions objected to are considered in the light of the entire record, it will be observed that the defendant was permitted or allowed to place before the jury his defense of self defense. The rulings objected to at the most are harmless error. See Section 4499, C. G. L.

It is next contended that the evidence adduced on the part of the State was insufficient to sustain the verdict and judgment entered in the cause. The State offered some two or three witnesses who were present when the difficulty arose between the deceased and the defendant. The witnesses, on some material points, contradict each other but the defendant gave his version of the whole affair. We think the conflicts and disputes in the testimony were for the jury. We have no authority to substitute our opinion and conclusion on questions of fact for the finding of a jury. We think there is ample testimony to support the verdict. See State *ex rel.* Watt & Sinclair of Florida, Inc.,

v. Bird, 128 Fla. 552, 175 So. 858; Holland v. State, 129 Fla. 363, 176 So. 169.

It is next contended that the trial court committed reversible error in denying the motion of the defendant for a view of the premises where the crime is alleged to have been committed, as provided by Section 8396 C. G. L. It is well established that such a motion is addressed to the sound discretion of the trial court. There is a presumption in law and equity as to the correctness of the rulings of the trial court and the burden rests on plaintiff in error to show error. It is contended that at the places where the different witnesses giving testimony for the State stood at the time of the difficulty between the defendant and deceased they could not see the combatants because of objects about the scene of the crime obscuring their view. The record shows that these different witnesses were closely cross-examined by counsel for defendant and their knowledge of the *locus in quo* and the parties was fully submitted to the jury. It was not shown that the premises where the crime was alleged to have been committed were in the same condition when the trial was had as they had been when the difficulty took place.

We have carefully read the record and briefs for the respective parties, the authorities cited have been examined and the facts were carefully analyzed by counsel orally at the bar of this Court, and we have concluded that there is no error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.