Owen Savage was convicted of manslaughter, and he appeals.
Affirmed.
The appellant, Owen Savage, was tried in the Criminal Court of Record of Orange County, Florida, under an indictment charging murder in the second degree and resulted in a verdict of manslaughter. He was adjudged guilty by the trial court of the charge of manslaughter and sentenced to the State Prison for a period of twenty years, and has perfected his appeal here. He contends that the trial court erred in admitting into evidence, over seasonable objections, during the progress of the trial certain statements tending to establish that the appellant unlawfully took certain property from the business operated or managed by him.
It is next contended that the evidence is legally insufficient to sustain the crime of manslaughter. We have studied the testimony and find it not only is sufficient to support the verdict but even a higher degree of homicide. It is not denied that the deceased received seven wounds inflicted by a hunting knife at the hands of the appellant. It is true that the deceased was a larger and younger man but at the time of the encounter he was not armed. It was not necessary for the appellant to inflict these seven wounds in order to protect himself in his fight with the deceased.
It is next contended that a photograph admitted into evidence by the State depicting the wounds of the deceased was erroneous on the theory that it aroused the passions and prejudice of the jury against the appellant. It cannot be denied that the photograph reflects a gruesome spectacle. The writer is convinced that there is merit in the contention and so expressed himself in a dissenting opinion in Mardorff v. State, 143 Fla. 64,196 So. 625. The majority opinion in the case reached a contra conclusion. The writer feels that he is bound by the majority view, and, in applying the rule, we are forced to conclude *Page 48 
that the assignment is without merit. Other authorities cited to sustain this assignment have not been overlooked.
We fail to find error in the record.
Affirmed.
THOMAS, C.J., and TERRELL and BROWN, JJ., concur.