MORROW, RUSSELL O., Associate Judge.
This is an appeal from a conviction in the Criminal Court of Record of Hills-borough County. The appellant, who was defendant in the lower court, was tried and convicted on four counts: (1) possession of moonshine whiskey, (2) no Florida excise liquor stamps, (3) no federal excise tax, and (4) concealing said moonshine whiskey with intent to defraud the State of the tax.
Two questions are raised. One is whether certain testimony of the prosecuting witness was admissible, which testimony concerned the purchase, the payment for and the obtaining of moonshine whiskey by the prosecuting witness from the defendant on occasions prior to the arrest of the defendant which resulted in his conviction. The second question is whether the evidence, including circumstantial evidence, is sufficient to sustain conviction.
The prosecuting witness, among other things, testified that she bought moonshine whiskey from the defendant; that in doing so she went to his house and made purchases; that she went at different times; that she would go whenever her stock was depleted; that on the night of the arrest she had gone to the defendant’s house to get whiskey but defendant was not at home ; that two days before the arrest she had paid the defendant for the last “batch of shine”; that the price she paid the defendant for the shine was $30.00 for 5 gallons; that 5 gallons would last sometimes two weeks and sometimes three.
As to the first question, the law, as enunciated in the case of Davis v. State, Fla.1956, 87 So.2d 416, 418, would be aplicable to this case.
“Ordinarily in the trial of a criminal case evidence of other crimes committed by the defendant is not admissible, but such testimony may be received for the purpose of showing a criminal course that the defendant was following even though such evidence tends to prove commission of an unrelated offense. It is not admissible to prove the defendant committed the crime charged 'but to show his purpose, plan, intent, or knowledge * * * ’ ”
 As to the second question, taking the evidence as a whole, including circum *124 stantial evidence, there is not such a lack thereof as would warrant the court as a matter of law to interfere with the findings of the jury. It is well settled that the court has no authority to substitute its opinion and conclusion on the questions of fact for the findings of a jury. Dixon v. State, 1940, 143 Fla. 277, 196 So. 604.
Finding no error in this case, the same is hereby affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.