HENDRY, Judge.
Appellant, Herbert L. Goldberger, was convicted and sentenced on charges of grand larceny in two cases which were consolidated for trial in the Criminal Court of Record for Dade County, Florida. The cases were also consolidated for the purposes of briefing, use of one record on appeal and for oral argument. Both cases will be dealt with in this opinion. In case No. 60-7341 the information contained only one count. In the second case, No. 60-7988, the information charged grand larceny in eight counts. Each alleged offense involved different persons and separate transactions.
Appellant entered a plea of not guilty as to all counts and waived jury trial. Upon trial of the cases before the court the appellant was found guilty on case No. 60-7341 and guilty as to counts 1, 2, 4, 5, 6, 7 and 8 in case No. 60-7988. He was found not guilty and discharged as to count 3. The court pronounced judgment against the appellant and sentenced him to five years confinement at hard labor in the state penitentiary, as to case No. 60-7341, and as to case No. 60-7988, he was sentenced to a term of five years on count number 1, sentence to begin immediately upon expiration of the sentence imposed in case No. 60-7341. On counts numbers 2 and 4 of case No. 60-7988, he was sentenced to five years confinement at hard labor in the state penitentiary, said sentence to run concurrently with the sentence imposed on count *876 number 1 of that case. As to the remaining counts, he was placed on probation for a period of five years upon the expiration of his prison sentence, v
A motion for a new trial was duly filed in each case, and denied by the court.
The appellant raised twelve points on appeal. In essence, he contends that the court erred in allowing the state to make an opening statement at the beginning of the trial; that the court erred in failing to grant a directed verdict at the close of the opening statement because it did not state a case against the appellant as to any of the charges made by the state; that the court erred in failing to grant his motion for a mistrial made during the opening statement and during the course of the trial because of alleged prejudicial statements made by the prosecutor and leading questions propounded to the witnesses; that the prosecution failed to establish by competent and sufficient evidence that the appellant committed grand larceny as alleged in the in-formations ; that the court erred in finding the appellant guilty of grand larceny, and that the sentence imposed was not warranted by the evidence before the trial court.
Numerous state witnesses testified to the facts which the state relied upon to support each count of the informations charging the defendant with grand larceny. The record is voluminous and a lengthy discussion of the evidence would serve no useful purpose.
It is a well settled rule of law that where a trial is had before the court without a jury the trial judge’s findings will be given the same weight as a jury verdict.[1] We have carefully studied the entire record and find the evidence legally sufficient to support the trial judge’s finding of guilt.
We have examined the other assignments of error and found them to be without merit.
Finding no error prejudicial or harmful to the appellant, the judgments and sentences stand affirmed.
Affirmed.

. Peele v. State, 155 Fla. 235, 20 So.2d 120; Dixon v. State, 143 Fla. 277, 196 So. 604; Farley v. State, 8S Fla. 159, 101 So. 239; Eizenman v. .State, Fla. App.1961, 132 So.2d 763.