201 So.2d 489 (1967)
Carl ALFORD, Appellant,
v.
Donald J. MEYER and Wilford J. Meyer, d/b/a Meyer Brothers, and American Oil Company, Appellees.
F.J. WILLIAMS, Appellant,
v.
Donald J. MEYER and Wilford J. Meyer, d/b/a Meyer Brothers, and American Oil Company, Appellees.
Nos. H-332, I-38, H-333 and I-39.
District Court of Appeal of Florida. First District.
July 6, 1967.
Rehearing Denied August 30, 1967.
*490 Robert Orseck, of Nichols, Gaither, Beckham, Colson, Spence & Hicks, and Podhurst & Orseck, Miami, for appellants.
Gerald Bard Tjoflat, of Mahoney, Hadlow, Chambers & Adams, and Robert C. Gobelman of Mathews, Osborne & Ehrlich, Jacksonville, for appellees.
SPECTOR, Judge.
This is an appeal from a jury verdict for the defendants in a common law negligence action.
This cause was initially before this court by way of Cases Nos. H-332 and H-333 filed prior to rendition of the judgment appealed from. New and timely notices of appeal, Cases Nos. I-38 and I-39, were filed together with appropriate motions requesting use of the records of H-332 and H-333 in this properly filed appeal. We hereby dismiss H-332 and H-333 and proceed to review the judgments appealed from in Cases Nos. I-38 and I-39.
The separate complaints, resulting from the same incident, were consolidated for trial, and the cases are now consolidated for appeal.
An examination of the record discloses that both plaintiffs, Alford and Williams, were injured while in the course of their employment with defendants, Meyer Brothers. The injuries were sustained by a fall from a scaffold while painting gasoline storage tanks belonging to defendant, American Oil Company.
The plaintiffs contend that the employer by providing an unsafe scaffold failed in his duty to exercise the standard of care required under the circumstances involved. In attempting to prove this lack of due care, the plaintiffs offered as evidence a Florida Industrial Commission pamphlet containing the "Regulations for Construction and Use of Scaffolds," adopted pursuant to the safety provisions of Section 440.56, Florida Statutes. The proffer for the purpose of proving that the scaffold was not constructed in accordance with the standards of the regulations was rejected by the court.
The reasoning of the court was that the regulations were not admissible as to Meyer Brothers who, by silence, had failed to accept the law and, therefore, were not employers within the contemplation of Section 440.56(1), Florida Statutes, F.S.A., which reads in part:
"Every employer, as defined in the workmen's compensation law, including employers who have elected not to accept the workmen's compensation law, shall furnish employment which shall be safe * * *."
In other words, the trial court reasoned that only employers who had affirmatively elected to accept or reject the Workmen's Compensation Law were subject to or needed to abide by the safety rules promulgated under the statute.
The appellees rely on a 1954 federal decision, Baker v. Great Atlantic and Pacific Tea Company, 212 F.2d 130 (5th Circuit), which held that an employer who had rejected the Workmen's Compensation Law was not subject to the safety rules adopted by the Industrial Commission.
At the time of the Baker case, the pertinent part of Section 440.56(1) read as follows:
"Every employer shall furnish employment which shall be safe * * *." *491 However, at the time the instant case arose, this section had been modified by Chapter 61-428, Laws of Florida, to apply the safety standards to every employer "as defined in the * * * law, including employers who have elected not to accept the * * * law." The title to said act states that its purpose was to "* * * extend the coverage of the safety law." It is quite obvious that the Legislature was not content with the results produced by the Baker case.
In the case at bar, the trial court considered the modification of the section as to employers who elected not to accept the law and ruled on the necessity of an affirmative act. However, a proper construction requires the interpretation of the effect of the modification as to "every employer, as defined in the workmen's compensation law," together with Section 440.02(4) (5), Florida Statutes, F.S.A., which states:
"(4) The term `employer' means * * * every person carrying on any employment, * * *.
"(5) The term `person' means individual, partnership, association or corporation, * * *."
The legislative intent as to the class of persons sought to be protected by the subject rule is perhaps manifested best by Section 440.56(11), Florida Statutes, F.S.A., which was also enacted in 1961 and states:
"The industrial commission shall cooperate with the federal government so that duplicate inspections will be avoided yet assure safe places of employment for the citizens of this state." (Emphasis supplied)
There can be no question that the term "employer" in Section 440.56(1) includes in the safety regulation every entity carrying on employment within the State. Meyer Brothers was therefore subject to the regulation and to reject the rules relating to scaffold construction was error.
The rationale supporting the admission of a statute, ordinance, or administrative rule or regulation as prima facie evidence of negligence is that the standard of conduct or care embraced within such legislative or quasi-legislative measures represent a standard of at least reasonable care which should be adhered to in the performance of any given activity.
We cannot agree with the appellees' contention that the introduction of the regulation in evidence would have been merely cumulative. The jury might well have accorded the regulation a much higher degree of credibility than that which it gave to the oral testimony of witnesses specifically summonsed by the plaintiffs.
Neither can we agree with the appellees' contention that the successive proffers of the rule were insufficient for want of proper form. Section 120.051(2), Florida Statutes, F.S.A., makes express provision for the agency to print its rules for distribution in cooperation with the Secretary of State. The pamphlet proffered was certified in accordance with Section 92.12, Florida Statutes, F.S.A., by an administrative officer of the Industrial Commission and is included in the record on appeal. The plaintiffs also had in their possession at the time of the proffer a library copy of the Florida Administrative Code which contained the questioned rule. We cannot ignore the fact that the rule and its requirements are in the record and was excluded by the trial court on the basis of immateriality and not insufficiency of the proffer.
The fault alleged against the defendant oil company was that in connection with its contract with Meyer Brothers, the oil company had retained certain supervisory authority with respect to the performance of the painting job by Meyer Brothers, and such authority had been negligently carried out.
*492 In their pleadings against the oil company, the plaintiffs characterized their employers as independent contractors. The appellee oil company, arguing in support of the judgment in its favor, contends, inter alia, that there has been no showing of liability on its part. See Watt & Sinclair of Florida v. Hunter, 126 Fla. 750, 171 So. 817. By its verdict, the jury seems to have correctly resolved this issue against the plaintiffs. The appellants have failed to demonstrate reversible error as to the judgment in favor of American Oil; and, therefore, said judgment is affirmed.
The judgment for the appellees, Donald J. Meyer and Wilford J. Meyer, d/b/a Meyer Brothers, is reversed and remanded for a new trial.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.