HOBSON, Chief Judge.
Appellant was tried on two informations, possession of moonshine and possession of distilling apparatus, and found guilty of both offenses. The appellant appeals the judgment and sentence entered on each offense, said appeals being consolidated in this court.
The sole question involved on this appeal is whether or not the trial court erred in admitting into evidence testimony of a prior offense.
At the trial Mr. Stephens, a State Beverage Agent, testified as to the arrest of the appellant and one Joe Scott. He testified as to the type of still being a “ground hog type distillery” with a “gatling gun type condenser.”
Subsequent to this testimony the trial court allowed Mr. Stephens to testify that approximately 4 years previous the appellant and the same Joe Scott were arrested operating a moonshine still which was the same “ground hog type” with a “gatling gun type condenser” as involved in the present trial.
Appellant contends that the testimony regarding the prior offense is totally irrelevant to the offense for which he was on trial and the sole purpose of such testimony was to show the propensity of the appellant to commit a crime.
Williams v. State, Fla.1959, 110 So.2d 654, establishes the rule that the test as to admissibility of evidence of prior similar offenses is its relevancy to a material fact in issue except where the sole relevancy is the bad character or propensity of the accused to commit a crime. One instance of relevancy is to show a common plan, scheme or design. In Williams, supra, the court stated at page 662:
“As we reach the more recent cases we come to Winstead v. State, Fla.1957, *288 91 So.2d 809. Appellant there relied on the rule that evidence of an independent crime is inadmissible. However, we again pointed out that evidence of other crimes is admissible or, as we would now state, is relevant if it tends to show a common scheme or plan. In Davis v. State, Fla. 1956, 87 So.2d 416, a case involving a conviction of breaking and entering, we approved the admissibility of evidence regarding the method of operation in accomplishing other burglaries on the ground that such testimony revealed a criminal course that the defendant was following and reflected a pattern of operation corresponding to that employed in the case then at bar. This was a clear case of similar fact evidence that was admissible to show plan, scheme or design even though it also suggested the commission of an independent crime. Further evidencing varied statements and applications of the rule see Hutchinson v. State, Fla.App. 1958, 102 So.2d 44; Dixon v. State, Fla.App.1958, 104 So.2d 122; Gordon v. State, Fla.1958, 104 So.2d 524; Savage v. State, Fla. 1948, 38 So.2d 47.”
In the instant case the testimony of Mr. ¿Stephens as to the prior offense was relevant in that it tended to show a common scheme or plan involving the identical same parties and the same method of operating a similar type still.
The question now arises that even if the evidence of a prior offense is relevant, is the remoteness of 4 years between the prior offense and the one for which the appellant was tried in and of itself sufficient to exclude such testimony?
Appellant relies upon Gluck v. State, Fla. 1952, 62 So.2d 71. In Gluck it was held that it was error to admit evidence of an alleged offense which was committed 3 or 4 years prior to the crime for which the defendant was on trial. We do not think that remoteness of time alone would make evidence of a prior offense inadmissible and are supported in our interpretation of the Gluck case by the Florida Supreme Court in the Williams case, supra, when they stated at page 662:
“Gluck v. State, supra, was a good example of the application of the rule which we here announce. There it was held error to permit testimony regarding an offense allegedly committed three or four years prior to the offense charged. This was so because the prior offense was totally independent of the subsequent act and bore no relevancy to it whatsoever. In other words it had no probative value with relation to any material fact in issue. In holding such evidence inadmissible this court merely adhered to the original rule of excluding irrelevant testimony.”
For the foregoing reasons the judgments and sentences are affirmed.
PIERCE and MANN, JJ., concur.