420 So.2d 615 (1982)
Jerry Frank TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2122.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Rehearing Denied November 3, 1982.
*616 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Jerry Frank Townsend was indicted by the Broward County grand jury for first degree murder arising out of the strangulation murder of Naomi Gamble and Barbara Ann Brown in July and August of 1973 and the stabbing death of Thelma Jean Bell in June of 1973. After a fourweek trial, Townsend was found guilty of the first degree murder of Gamble and Brown and not guilty of the Bell murder. From a judgment of conviction and two consecutive life sentences with 25-year minimums before consideration for parole, Townsend has perfected this appeal.
The most serious point presented on this appeal has to do with the admission of Williams rule evidence. Townsend contends the evidence was not relevant and that the State made it a feature of the case. It appears that during the course of the trial the State introduced evidence that Townsend had admitted killing the three women named in the indictment and that he had directed the police to the places where the homicides occurred. In addition, over Townsend's objection, the State also introduced evidence of six other homicides and two assaults which Townsend admitted.
It is axiomatic that evidence of unrelated crimes is generally inadmissible. However, if such evidence is relevant to any material issue other than propensity or bad character, it is admissible even though such evidence points to the commission of another crime. Drake v. State, 400 So.2d 1217 (Fla. 1981); Williams v. State, 110 So.2d 654 (Fla. 1959). In order to qualify similar fact evidence for admission, general similarity is not enough. As the Supreme Court said in Drake, supra at 1219:
A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant the points of similarity must have some special character or be so unusual as to point to the defendant.
In the present case the jury heard taped confessions wherein Townsend admitted killing the three women named in the indictment. In addition, he took the police to the scene of the crime involving Gamble and Brown. His inability to find the scene *617 of the Bell crime is no doubt the reason the jury found him not guilty of that crime. In any event, the victims were all young black women; Gamble and Brown had both been strangled while Bell was stabbed; their lower torsos were naked and they were generally lying with their legs in spread eagle fashion. Townsend had told the police that the women he killed were all prostitutes and he intended to help rid the world of them. In his mind they were all old enough to work instead of taking an honest man's money! In confessing these crimes and his motive therefor, Townsend told the police that if he gets out of jail for these crimes, he would do the same thing again  as he put it "you all going to have to come and get me again." In order to corroborate appellant's confession regarding the homicides for which he was on trial, the State adduced evidence of six other homicides which occurred in 1979 involving black women, except for one white woman, all between the ages of 13 and 30. The victims were either known prostitutes or had been seen walking the streets leading Townsend to believe they were prostitutes. All of the incidents occurred in the same geographical area of Northwest Fort Lauderdale  except for two which occurred in Miami in close proximity to each other. All of the homicides occurred on open lots surrounded by debris or weeds or a structure to hide the victims. They were all found partially nude or nude from the waist down with their clothing located nearby. Most of them were lying on their backs with their legs in spread eagle fashion. The crimes generally happened at night. In all but two of the homicides, the cause of death was strangulation.
Townsend confessed to all of the collateral crimes as well as those for which he was charged, and he took the police to the scene and corroborated facts known to the police which only the killer would know. No attack is made on the admissibility of those confessions. Townsend's credibility was tested by the police by taking him to other crime scenes which involved crimes the police knew he did not commit and he denied knowledge of them.
One would suppose that no two crimes could be identical; thus, the key is similarity, not identity. The similarity in the commission of the collateral crimes referred to above is no mere general likeness. Rather, we hold the similar facts are identifiable and they pervade the compared factual situations. Therefore, the collateral crime evidence was relevant to prove identity and similar mode of operation as well as motive.
We next turn our attention to Townsend's contention that the Williams rule evidence became a feature of the trial. It is true that the transcript contains over twice as many pages of testimony relative to the collateral crimes as there are pages relative to the crimes for which Townsend was on trial. It is also true that a majority of the exhibits involve the collateral crimes. However, given the number of similar crimes Townsend admitted committing which were so similar to the three for which he was being tried, the number of pages of testimony and exhibits should not be the sole test by any means. It must be kept in mind that although appellant confessed to these crimes including the Bell murder, the jury found him not guilty of that murder. So it is quite obvious that the jury's judgment was not overwhelmed by the quantity of collateral crime evidence.
It is not unusual in adducing Williams rule evidence to have victims of several other crimes testify. For example, in Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981) where the defendant was charged with sexual battery of his granddaughter, six other victims of the same family testified to numerous other instances of sexual battery committed on them by the defendant. In Dean v. State, 277 So.2d 13 (Fla. 1973) four other rape victims were allowed to testify to the defendant's assault upon them and his modus operandi.
Townsend also contends the collateral crime evidence is too remote in time. The indictment pertains to crimes committed in 1973 and the collateral crimes occurred in 1978 and 1979. In Watkins v. *618 State, 363 So.2d 575 (Fla. 3d DCA 1978) the testimony related to a common scheme or plan some six years earlier. State v. Statewright, 300 So.2d 674 (Fla. 1974) involved similar crime evidence occurring five years prior to the crime on trial. In Crosby v. State, 237 So.2d 286 (Fla.2d DCA 1970) the court allowed testimony regarding similar offenses occurring four years prior to the offense charged. Thus, the evidence in question was not inadmissible because it was too remote.
Finally on this point, the trial judge gave a cautionary instruction no less than twelve times regarding the manner in which they should consider the collateral crime evidence.
Under these circumstances, we hold no reversible error has been demonstrated by Townsend's first point on appeal.
During the course of the trial, appellant called a psychiatrist to testify in support of his insanity defense and as to other matters. The witness testified that appellant did not understand the difference between right and wrong and was susceptible to being led so that he might admit to crimes he did not commit. On cross examination, the State was allowed to inquire over objection about admissions Townsend made to the doctor regarding several of the collateral crimes used as Williams rule evidence. The doctor testified that he relied upon these admissions in arriving at his medical conclusions about Townsend. The admission of this testimony is the subject of Townsend's second point on appeal.
Townsend seems to contend that under no circumstances may the State adduce testimony about incriminating statements made by a defendant to a psychiatrist relying upon United States v. Bohle, 445 F.2d 54 (7th Cir.1971) and United States v. Cohen, 530 F.2d 43 (5th Cir.1976). However, such a contention cannot be sustained. The correct rule is clearly set forth in Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977). There, the court held that where a psychiatrist is employed by counsel for a defendant to assist him in preparing a defense for his client and not to treat the defendant the State may not depose the expert or call him as a witness. The witness is subject to the attorney-client privilege. On the other hand, if the doctor is used as a witness, the privilege dissipates and he is subject to treatment as any other witness. See also United States v. Alvarez, 519 F.2d 1036 (3d Cir.1975) and McMunn v. State, 264 So.2d 868 (Fla. 1st DCA 1972). Therefore, when Townsend called the psychiatrist to testify on his behalf to prove his defense of insanity, the witness was subject to examination as any other expert witness.
We find no merit to appellant's third point.
Accordingly, the judgment and sentence appealed from are affirmed.
LETTS, C.J., and WALDEN, J., concur.