REVISED OPINION
PER CURIAM.
Michael Lovette appeals his convictions and sentences, including three convictions of first-degree murder and three sentences of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm all of Lo-vette’s convictions except the conviction of sexual battery, which we reverse. The sentence for sexual battery and the three death sentences are vacated, and the trial court is directed to empanel a jury and conduct a new sentencing proceeding. The remaining sentences are affirmed.
On May 13, 1988 Lovette and Thomas Wyatt escaped from a North Carolina prison road gang and fled south, stealing cars and weapons and robbing people. Armed with handguns, they entered a Domino’s pizza store in Vero Beach shortly before closing on May 18, 1988. While Lovette held William Edwards, the store manager, at gunpoint in the office until the safe’s time lock opened, Wyatt took Edwards’ wife, Frances, and Matthew Bornoosh, a deliveryman, to another room at the back of the store. Wyatt made Bornoosh remove his Domino’s shirt and then gave the shirt to Lovette, who put it on so that anyone seeing him from the outside would think him a Domino’s employ *1306 ee.[1] Wyatt also raped Mrs. Edwards in the back room of the store while Lovette waited for the safe to open. When the safe had been opened, Lovette took Edwards part way back through the store, where Wyatt met them and took Edwards to the rear of the store. According to Lovette’s statements to authorities, he thought that Wyatt was going to lock the three captives in a closet so that they could make their getaway. Instead, Lovette heard three or four quick pistol shots. Wyatt ran out of the back of the store, and he and Lovette fled in their stolen car. On May 19 or 20 Wyatt killed Cathy Nydeggar, a Tampa woman who picked them up, and stole her car, after which Lovette and Wyatt split up. Lovette eventually made his way back to North Carolina where, at his uncle’s urging, he surrendered to authorities and confessed. By that time Wyatt had also been apprehended.
In a joint indictment the state charged both Wyatt and Lovette with four counts of first-degree premeditated murder, sexual battery, three counts of kidnapping, two counts of robbery with a firearm, three counts of grand theft, arson, and possession of a firearm by a convicted felon. The trial court severed the Nydeggar murder count and the firearm possession count from the others for each defendant and also severed the defendants’ trials from one another and transferred Lovette’s trial to Pinellas County on a motion for change of venue. The jury convicted Lovette of all counts as charged and recommended that he be sentenced to death for each of the three Domino’s murders, which the trial court did.[2]
Lovette first argues that the prosecutor improperly told the prospective jurors specific facts about the case and lectured them on the law during voir dire. The record, however, shows that the prosecutor answered a general question about various principles of law. See Lavado v. State, 492 So.2d 1322 (Fla.1986). We therefore find no merit to this argument.
We likewise find no merit to Lovette’s argument that instructing the jury on flight constituted reversible error. In Fenelon v. State, 594 So.2d 292 (Fla.1992), we held that the flight instruction is no longer to be given. In Taylor v. State, 630 So.2d 1038 (Fla.1993), we held that we intended the holding in Fenelon to be prospective only. If the circumstances supported a flight instruction, as they did here, and the case was tried before Fenelon, no error exists. Even had there been error in the giving of the flight instruction, it would clearly be harmless in light of Lovette’s guilt.
Lovette makes numerous arguments concerning his culpability for acts that Wyatt committed. He first claims that the court erred in refusing to give his requested instruction on independent acts with regards to the three murders. We hold that the court properly denied the instruction.
We have stated that' “an act in which a defendant does not participate and which is ‘outside of and foreign to, the common design’ of the original felonious collaboration may not be used to implicate the nonparticipant in the act.” Parker v. State, 458 So.2d 750, 752 (Fla.1984) (quoting Bryant v. State, 412 So.2d 347, 349 (Fla.1982)), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985). Felons, however, are generally responsible for the acts of their co-felons. Adams v. State, 341 So.2d 765 (Fla.1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977). As perpetrators of an underlying felony, co-felons are principals in any homicide committed to further or prosecute the initial common criminal design. Adams; Hampton v. State, 336 So.2d 378 (Fla. 1st DCA), cert. denied, 339 So.2d 1169 (Fla.1976). “One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.” Jacobs v. State, 396 So.2d 713, 716 (Fla.1981).
*1307 Although Lovette did not fire the shots that killed the victims, he was a willing participant in the armed robbery of the store. These killings lessened the immediate detection of the robbery and apprehension of the perpetrators and, thus, furthered that robbery. There is a causal connection between the robbery and the homicides, and both Lovette and Wyatt are guilty of felony murder. The evidence, therefore, did not support an independent-acts theory as to the murders, and the court did not err in refusing to instruct the jury on such theory.
We also see no error in the trial court’s refusal to grant Lovette’s motions for judgment of acquittal as to premeditated murder, the robbery of Bornoosh’s shirt, and the kidnapping of Bornoosh and Mrs. Edwards. As a principal in the store’s robbery, Lovette was guilty of felony murder. That the indictment charged only premeditated murder provides no relief because such an indictment allows the state to proceed on either premeditated or felony murder. Bush v. State, 461 So.2d 936 (Fla.1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986); O’Callaghan v. State, 429 So.2d 691 (Fla.1983); Knight v. State, 338 So.2d 201 (Fla.1976).
Wyatt robbed Bornoosh of his shirt and gave it to Lovette to wear so that if a passerby saw him at the front of the store Lovette would appear to be a Domino’s employee. The robbery of the shirt therefore farthered the underlying robbery of the store. As a principal in robbing the store, Lovette is also guilty of the armed robbery of the shirt. Jacobs.
Lovette was also a principal to the kidnapping of Mrs. Edwards and Bornoosh.[3] According to his statements, he thought that Wyatt was going to lock all three victims in a closet so that they could complete their robbery of the store by leaving undetected. He intended that the victims be confined. The movement of the victims was not slight or inconsequential or merely incidental to the robbery; it was not inherent in the robbery; and it made it easier to commit the robbery and lessened the risk of detection. Ferguson v. State, 533 So.2d 763 (Fla.1988); Faison v. State, 426 So.2d 963 (Fla.1983). Thus, we hold that the court properly denied the motions for judgment of acquittal as to murder, robbery, and kidnapping.
Lovette also moved for judgment of acquittal as to the sexual battery of Mrs. Edwards. We agree with him that the motion should have been granted. The sexual battery did nothing to further the original felony, i.e., armed robbery of the store. Not only did Lovette not participate in the sexual battery, he was not in the same room as Wyatt and the victim when Wyatt committed the crime. This case is distinguishable from cases such as Newman v. State, 196 So.2d 897 (Fla.1967), and DeLaine v. State, 230 So.2d 168 (Fla. 2d DCA 1970), cert. discharged, 262 So.2d 655 (Fla.1972), where the defendants did not participate in the sexual battery but were present and aided and abetted in the commission of the crime. § 777-011, Fla.Stat. (1991).[4] Therefore, we reverse Lovette’s conviction of sexual battery and vacate his sentence for that offense.
Lovette requested a confidential mental health expert pursuant to Florida Rule of Criminal Procedure 3.216, and the court appointed Dr. Robert Berland to assist the defense. A defense discovery response listed Berland as a witness "with the words, “penalty phase only,” next to his name, but Lovette later decided not to call him at all. During trial, the prosecutor stated his intention of calling Berland to rebut Lovette’s statement that he did not go back to where Wyatt held the Domino’s victims and did not know what Wyatt was doing to them. Lovette objected *1308 to Berland’s being called by the state because 1) the state had not listed him as a witness; 2) he was a confidential expert; 3) his testimony would violate Lovette’s fifth amendment rights because he did not give Lovette proper Miranda[5] warnings; and 4) his testimony would violate the attorney/elient privilege. The court held a Richardson[6] hearing and, after listening to a proffer from Berland and argument by both sides, held that no discovery violation had occurred, that Berland gave Lovette an adequate Miranda warning, and that Lovette waived the attorney/client privilege. Lovette now argues that the trial court erred in allowing Berland to testify.
We agree that allowing Berland to testify violated Lovette’s right not to incriminate himself. In Parkin v. State, 238 So.2d 817 (Fla.1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971), this Court considered whether a defendant can be compelled to submit to psychiatric examinations when an insanity defense is offered. The Court held that such examinations could be compelled, but also stated that courts “should prohibit the psychiatrist from testifying directly as to the facts surrounding the crime, where such facts have been elicited from the defendant during the course of a compulsory mental examination” although, “if the defendant’s counsel opens the inquiry to collateral issues, admissions or guilt, the State’s redirect examination properly could inquire within the scope opened by the defense.” Id. at 820; Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), review denied, 576 So.2d 286 (Fla.1991). Even though Lovette voluntarily submitted to an examination by Berland, he never called Berland as a witness or in any way opened the door for the state to question Berland about any facts of the crimes that Lovette may have told him. Berland testified that he ordinarily gives his patients a Miranda^type warning, but we disagree with the trial court’s conclusion that a valid Miranda warning and waiver occurred here. See Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).
We also agree that the state failed to show a valid waiver of the attorney/client privilege regarding the mental health examination. Rule 3.216(a) codified the holding in Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977), “that where an expert is hired solely to assist the defense and will not be called as a witness, the state may not depose the expert or call him as a witness.” Tucker v. State, 484 So.2d 1299, 1300 (Fla. 4th DCA), review denied, 494 So.2d 1153 (Fla.1986). The Fourth District Court of Appeal followed Pouncy in Ursry v. State, 428 So.2d 713 (Fla. 4th DCA), review denied, 438 So.2d 834 (Fla.1983), and Townsend v. State, 420 So.2d 615 (Fla. 4th DCA 1982), review denied, 430 So.2d 452 (Fla.1983), and held that the state could not make a confidential expert its witness when the attorney/client privilege had not been waived. In Tucker, on the other hand, that district court distinguished Ursry because Tucker did not challenge the state’s motion to compel discovery of the expert’s notes. Lovette’s trial court relied on Tucker in allowing the state to present Berland’s testimony, but we disagree that a valid waiver of the attorney/client privilege occurred in Tucker, and we disapprove that decision.
We hold, therefore, that the state cannot elicit specific facts about a crime learned by a confidential expert through an examination of a defendant unless that defendant waives the attorney/client privilege by calling the expert to testify and opens the inquiry to collateral issues.
The defendant took no action that would constitute a waiver, and we hold that the court erred in allowing Berland to testify for the state. In view of the other evidence against Lovette, which is sufficient to affirm all of the convictions except for sexual battery, Berland’s testimony was harmless beyond a reasonable doubt as to the guilt phase of Lovette’s trial. We cannot, however, determine that this testimony was also harmless as to the penalty phase. Lawrence v. State, 614 So.2d 1092 (Fla.), cert. denied, — U.S. -, 114 S.Ct. 107, 126 L.Ed.2d 73 (1993); Castro v. State, 547 So.2d 111 (Fla. *1309 1989). Therefore, we vacate Lovette’s death sentences and remand for a new sentencing proceeding before a jury.[7]
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Lovette wore the shirt when they left the store and took it off and threw it from the car later during the night.

. In his separate trials Wyatt received four death sentences, which are on appeal to this Court. Wyatt v. State, no. 77,666 (Domino's); Wyatt v. State, no. 79,245 (Nydeggar).

. Lovette does not challenge his conviction of kidnapping Mrs. Edwards. That conviction is supported by competent substantial evidence, and we affirm it.

. This statute reads as follows:
Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Due to this remand, we do not address the penalty-phase issues raised by Lovette.