191 So.2d 588 (1966)
Daniel SEPLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-81.
District Court of Appeal of Florida. Third District.
November 8, 1966.
*589 Milton E. Grusmark, Miami Beach, Daniel Sepler, Hialeah, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
The appellant Daniel Sepler, a practicing attorney of Dade County, brings this appeal from an order of the criminal court of record of said county which adjudged him in contempt and sentenced him to 10 days confinement in the Dade County jail. Execution thereof was stayed pending his appeal. The judgment and commitment were induced by the following circumstances.
A young woman named Judith Carole Hyams, then a resident of Dade County, disappeared September 14, 1965. The following day an individual who was a client of two attorneys telephoned them from his office, and sought their advice on behalf of another person.
The information given to the attorneys by their client was that the other man may have been involved to some extent with an abortion which was thought to have been performed on the Hyams girl, and wanted advice on the legal aspects of such an abortion, as they might affect such other man. The established client of the lawyers then put this other man on the telephone. The latter gave the lawyers (both of whom were on the telephone) certain information indicating he was implicated to some extent and that he knew the doctor who was to have performed the abortion, and he sought their advice. They informed him they were not versed in criminal law and were not able to advise him on the matter. After reflecting on it for three days, the lawyers telephoned the appellant Sepler, an older and more experienced lawyer, related to him the information which had come to them regarding the missing girl, and in turn asked Sepler what he advised that they do about it. Sepler advised them to inform the law enforcement authorities. They authorized him to do so, but not to *590 reveal their identity. Thereupon, Sepler promptly passed on the information to an assistant state attorney. In later telephone conversations with the lawyers, they gave Sepler the name of their client as a man named Gordon (identified in Sepler's subsequent testimony as Dr. Herschel Gordon), and gave him a name sounding "like Hilow or Hihow" as the doctor arranging or performing the abortion. The lawyers did not know the name of the other man who spoke with them on the telephone, but told Sepler he had a high pitched voice, had attended the University of Pennsylvania, and that they thought he was a doctor.
In the criminal investigation which followed Sepler was subpoenaed to appear before an assistant state attorney for examination, as provided for under § 27.04 Fla. Stat., F.S.A., and he waived immunity. In the course of that examination he was asked and refused to disclose the identity of the two attorneys, but otherwise fully disclosed the information he had. On application of the state attorney the criminal court of record then ordered Sepler to answer the inquiry as to identity of the attorneys upon interrogation by the state attorney. For his subsequent refusal he was cited for contempt, and the contempt order followed.
The contention made by Sepler in the court below and as appellant here is that the subject of the question was privileged matter, within the protection of the attorney-client relationship privilege.
The privilege relied on, though firmly established in the law of this state (Keir v. State, 152 Fla. 389, 11 So.2d 886), is not absolute and may be outweighed by public interest in the administration of justice in certain circumstances. Baird v. Koerner, 9 Cir.1960, 279 F.2d 623, 95 A.L.R. 2d 303; N.L.R.B. v. Harvey, 4 Cir.1965, 349 F.2d 900; Tillotson v. Boughner, 7 Cir.1965, 350 F.2d 663. The question presented by this case is a close one, and requires a balancing of the interests, on the one hand as to the attorney and client in their right to the protection of the privilege, and on the other hand in the public and the state for the proper administration of law and justice.
In contending that the balance of interests should be held to be in his favor and that the attorney-client privilege should be allowed to prevail, the appellant places principal reliance on the decision of the United States Court of Appeals, Ninth Circuit, in Baird v. Koerner, supra, the precise question presented being without precedent in Florida.
In the Baird case the facts were that after the accountants and general counsel employed by certain clients concluded and advised them they had failed to properly report and pay amounts due on income taxes for a prior year or years, the appellant, an attorney experienced in income tax law, was employed and on his advice the client or clients made an anonymous payment of $12,706.85 to the government, through him. This was accomplished by the appellant tax lawyer forwarding a bank cashier's check for that amount with a covering letter by him explaining the same, and stating that the identity of the client-taxpayers had not been disclosed to him. No tax investigation of the clients was then in progress. In a subsequent investigation by the department appellant was called upon to disclose the identity of the accountants, the general counsel and the client. He declined to do so, basing his refusal on the attorney-client privilege. In appropriate proceedings against him which followed, a trial court approved his refusal to reveal the identity of the accountants and general counsel, but held him in contempt for refusing to identify the client or clients. The attorney appealed the portion of the order adjudging him in contempt, and the department cross-appealed from the ruling which upheld the claim of privilege against disclosing identity of the accountants and general counsel. In an extensive and well reasoned opinion the court of appeals noted the existence and *591 purposes of the attorney-client privilege, and held it was not absolute but must yield to public interest in the administration of justice in proper circumstances, upon a balancing of the interests on consideration of the facts of each case. The appellate court held, on the facts of the Baird case, that the attorney-client privilege was to be respected, and that nondisclosure by the attorney of the identity of the client was justified, and held likewise as to his refusal to reveal identity of the accountants and the general counsel in that case. The reason underlying that decision was that revealing the identity of those involved would subject the clients to income tax investigation and possible prosecution, for their admitted and disclosed nonpayment of prior taxes, although it was not shown whether their indicated guilt was such as would form a basis for criminal prosecution.
The claim of privilege is not asserted here by the attorney Sepler on the basis that revealing the identity of the lawyers would lead to an investigation or prosecution of their established client. This is so because that client's identity as Dr. Herschel Gordon was known, and it was revealed in the information given to Sepler that such client was not implicated in the Hyams matter. It does appear, however, that the unidentified other man, on whose behalf the client first called the attorneys, also stood in an attorney-client relationship with those attorneys. That client status of the other man resulted when he talked with the attorneys, revealed his situation with relation to the matter, and sought their professional aid. Therefore, that other person stands in this case in a position similar to that of the unidentified client in the Baird case. Here, as in Baird, denial of the attorney-client privilege would be calculated to lead to possible identification and prosecution of that unknown client based on his disclosures to the attorneys he had consulted.
An added element favoring the appellant attorney in this case is that the information he refused to disclose and for which he was held in contempt, that is, the identity of the two attorneys, did not amount to withholding information as to the crime which was under investigation by the state attorney at the time appellant was questioned. Appellant had furnished the state attorney with all information he had received bearing on the nature and reason for the girl's disappearance (other than the identity of the lawyers), including the name of their regular client, who obviously knew the other "client," and including the fact that the girl's parents could supply identity of the man whom she had been seeing. Also, it appears the state attorney subsequently questioned or attempted to question the said Dr. Herschel Gordon. See, for example, Gordon v. Gerstein, Fla. 1966, 189 So.2d 873.
We hold, therefore, that on the facts of this case the trial court should have sustained the privilege invoked by the appellant, upon a balancing of the interests in accordance with the rule announced in the Baird and Tillotson cases. Accordingly, the order appealed from is reversed.
Reversed.
PEARSON, Judge (dissenting).
I agree with the principle stated in the opinion that the privilege relied upon is not absolute and may be outweighed by public interest in the administration of justice in certain circumstances. I also agree that the question presented by this case requires a balancing of the client's right to the privilege and the public's interest in the proper administration of law and justice.
My position is that in this case, where the investigation is into the disappearance or death of the young woman, the proper balance of interest required that the facts possessed by the appellant be made available to the investigating authorities.
The extension of the privilege to include the identity of the client is an exception of the general rule. In my view, the facts *592 do not bring this case within the exception. The decision in Baird v. Koerner, 9 Cir.1960, 279 F.2d 623, 95 A.L.R.2d 303, does not indicate a different conclusion.
I would affirm.