NATHAN, Judge.
Bernard Curtis, defendant below, appeals from a jury verdict of guilty on charges of burglary and grand larceny. The issues presented are: (1) Whether there was error in the trial court’s refusal to instruct the jury on the consequences of a verdict of not guilty by reason of insanity, and, (2) Whether there was error in the trial court’s restriction of the direct questioning of the defendant. We find there was reversible error on the first issue, and deem the second without merit on the facts before us.
*541 Curtis admitted at trial that he had stolen money and checks from a Catholic church. He stated that he had taken money over the years from more than two thousand Catholic churches, that he stole only from Catholic churches, and that he had been confined in mental institutions on six separate occasions. His sole defense was that he was insane at the time of the commission of the offenses charged.
Although the state contends that the evidence presented went only to substantiate an “irresistible impulse,” a defense not recognized as insanity in Florida, Wheeler v. State, 344 So.2d 244 (Fla.1977), the record reveals that the trial court saw fit to submit the question of Curtis’ insanity to the jury after counsel for both sides had argued the issue vigorously. This obviates the state’s assertion that, as a matter of law, the defense of insanity was not fairly raised. It is clear from the record that this defense was indeed fairly, albeit not successfully, raised.
During the discussion of jury instructions, the defense requested that the court also charge the jury on the results of a verdict of not guilty by reason of insanity.[1] The judge denied the motion, deeming the instruction extraneous since he was not going to charge the jury as to the penalties the law provides for one found guilty of the offenses charged.
Prior to the jury’s retiring, the court gave instructions on the defense of insanity. No instructions were given on the penalties applicable to the offenses charged, nor was the requested instruction on the effect of a verdict of not guilty by reason of insanity given. The jury found the defendant guilty on both charges.
At a subsequent hearing on defendant’s motion for a new trial, the trial court was urged to grant the new trial on the express ground that the requested instruction on the effect of a verdict of not guilty by reason of insanity was mandated by the ruling of the Florida Supreme Court in Roberts v. State, 335 So.2d 285 (Fla.1976). A new trial was denied, and this appeal followed.
We note initially that the Roberts decision was handed down subsequent to trial but prior to both the motion for new trial and this appeal. This fact does not preclude application of Roberts to the instant case. Wheeler v. State, supra; Ringgo v. State, 339 So.2d 293 (Fla. 1st DCA 1976).
In Roberts, the supreme court adopted the so-called “Lyles Rule,” which mandates that whenever the defense of insanity is fairly raised, the trial judge is to instruct the jury regarding the consequences of a verdict of not guilty by reason of insanity. Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725 (1957). Having found already that no question remains as to whether the defense of insanity was fairly raised below, we are left to decide whether the “Lyles Rule” is to be applied in a situation in which the trial court took particular care to avoid involving the jury in the issue of penalties.
At the hearing on defendant’s motion for a new trial the trial judge correctly noted that penalty arguments had played a major part in both Lyles and Roberts, whereas the opposite was true in the case sub judice. We note, however, that the state, in its closing argument, told the jury:
The defendant said he disliked the Catholic church. He may have a great mental block about the Catholic church. It may make it very easy for him to steal from *542 them again and again, and to feel, “Well, it’s okay.”
It is arguable that the jurors were misled into believing that only a guilty verdict could insure against the defendant’s being released. This alone would be sufficient for us to find Roberts applicable despite the court’s care to avoid instructions about penalties.
But we do not rest our decision solely on this fact. In Roberts, the court faced a factual situation which was particularly compelling. Yet it specifically declined to limit its holding to the facts therein, preferring to emphasize the policy considerations underlying the “Lyles Rule.” We believe that Roberts stands for the proposition that, whenever the defense of insanity is fairly raised, it is reversible error for the trial court to fail to give instruction on the consequences of a verdict of not guilty by reason of insanity if such instruction has been requested.
Therefore we reverse the decision below for failure to give the instruction when requested to do so. See also Fla.R.Crim.P. 3.600(b)(7).
Reversed and remanded for a new trial.

. The precise language of the requested charge is:
I charge you that when a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of the defendant shall be considered by the court manifestly dangerous to the peace and safety of the public, the court shall order him to be committed to jail or to a mental institution to be cared for as an insane person and such person shall be held in custody until released by order of the committing court, or the court may give him into the care of his family or friends, on their giving satisfactory security for the proper care and protection of such person.