353 So.2d 640 (1977)
Ronald POUNCY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1734.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Bennett H. Brummer, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
HENDRY, Chief Judge.
Appellant, defendant below, appeals his conviction and sentence for murder in the second degree for the brutal slaying of Walter Wood.
After carefully reviewing the record, briefs and argument of counsel, we are of the opinion that the sentence and conviction must be reversed and remanded for new trial in that the trial judge failed to instruct the jury as to the consequences of a verdict of not guilty by reason of insanity as required by Roberts v. State, 335 So.2d 285 (Fla. 1976) and Wheeler v. State, 344 So.2d 244 (Fla. 1977).[1] See also Curtis v. State, 352 So.2d 540 (Fla. 3d DCA 1977), *641 opinion filed November 22, 1977, and Ringgo v. State, 339 So.2d 293 (Fla. 2d DCA 1976).
Appellant has raised additional points on appeal, among which is the contention that the trial judge erred in failing to grant defense counsel's motions for protective order and to quash subpoenas issued by the State to depose certain psychiatrists hired by appellant's counsel to aid in the preparation of his defense. Appellant argues that both the deposing of the doctors, and their subsequent utilization by the State as witnesses, violated the attorney-client privilege.
Though not the determinative question on this appeal, in light of the fact that we have given appellant a new trial, a discussion on this point at this time would be anticipatory of the same objections being raised at appellant's second trial.
While neither appellant nor the State has been able to furnish us with any Florida decision directly on point, other jurisdictions and the Federal courts have dealt with this particular issue, which we state as follows:
Whether the doctrine of attorney-client privilege bars the State from deposing and calling as witnesses psychiatrists hired by an accused or his counsel for the sole purpose of aiding the accused and his counsel in the preparation of his defense, i.e. insanity.
We believe that generally, and with one notable exception, the answer is yes.
In City & County of San Francisco v. Superior Court, 37 Cal.2d 227, 231 P.2d 26 (1951), the Supreme Court of California, in an opinion authored by Justice Traynor, ruled that when a physician, as an agent of the attorney, examines the client for the sole purpose of aiding the client's attorney in the preparation of his or her lawsuit and not for the purpose of treating the client, any information obtained by the physician regarding the client's condition and divulged to the client's attorney is privileged.
Likewise, in United States v. Alvarez, 519 F.2d 1036 (3d Cir.1975), the Third Circuit Court of Appeals ruled that the assertion of an insanity defense did not result in the waiver of the attorney-client privilege accorded to a psychiatric consultation made in the preparation of trial. The court therein opined that:
"[T]he effective assistance of counsel with respect to the preparation of an insanity defense demands recognition that a defendant be as free to communicate with a psychiatric expert as with the attorney he is assisting. If the expert is later used as a witness on behalf of the defendant, obviously the cloak of the privilege ends. But when, as here, the defendant does not call the expert the same privilege applies with respect to communications from the defendant as applies to such communications to the attorney himself.
* * * * * *
... The issue here is whether a defense counsel on a case involving a potential defense of insanity must run the risk that a psychiatric expert whom he hires to advise him with respect to the defendant's mental condition may be forced to be an involuntary government witness. The effect of such a rule would, we think, have the inevitable effect of depriving defendants of the effective assistance of counsel in such cases. A psychiatrist will of necessity make inquiry about the facts surrounding the alleged crime, just as the attorney will. Disclosures made to the attorney cannot be used to furnish proof in the government's case. Disclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand. The attorney must be free to make an informed judgment with respect to the best course of the defense without the inhibition of creating a potential government witness." Supra at 1046, 1047.
Also in accordance see State v. Kociolek, 23 N.J. 400, 129 A.2d 417 (1957); United States ex rel. Edney v. Smith, 425 F. Supp. 1038 (E.D.N.Y. 1976); 8 Wigmore, Evidence § 2301 (McNaughton rev. 1961); but compare *642 People v. Edney, 39 N.Y.2d 620, 385 N.Y.S.2d 23, 350 N.E.2d 400 (1976).
Sub Judice, appellant's attorneys employed several psychiatrists to aid in the preparation of appellant's defense. The psychiatrists examined appellant and questioned him extensively about the murder of Wood. Their evaluations were thereupon relayed to appellant's counsel. Over objection, the State subpoenaed and deposed the psychiatrists, utilizing them as witnesses at trial. In light of the above authorities, we believe that the trial judge's ruling violated the attorney-client privilege by permitting the State to (1) depose the doctors and (2) use them as State's witnesses when appellant had no intention to utilize the psychiatrists as defense witnesses. Said privilege would have, of course, been waived, had appellant utilized his psychiatrists as witnesses. United States v. Alvarez, supra; Section 90.242, Florida Statutes (1975); See also McMunn v. State, 264 So.2d 868 (Fla. 1st DCA 1972).
The one major exception to this attorney-client privilege is where the trier of fact is so effectively deprived of valuable witnesses so as to undermine the public interest in the administration of justice. United States ex rel. Edney v. Smith, supra; Sepler v. State, 191 So.2d 588 (Fla. 3d DCA 1966).
The State has stressed what it believes to be two factors which amount to such overriding public interest so as to pierce the attorney-client privilege, sub judice. Firstly, the State contends that appellant's psychiatrists examined appellant soon after the date of the crime and were thus, more qualified than the State's psychiatrists who examined appellant some months after the crime, to offer their opinion to the jury as to appellant's mental condition at the time of the commission of the crime. Secondly, the State contends that the adoption of the attorney-client privilege, in cases such as this, would encourage the defense to "scoop" up all qualified experts in a given field, i.e., psychiatry, thus precluding the State from effectively presenting its case. While both points are valid, to a degree, (and we encourage all trial judges to carefully explore all "public interest" factors before invoking the attorney-client privilege in situations such as this), sub judice, we are of the opinion that there was no overriding public interest precluding the court from applying the attorney-client privilege.
During the course of the trial, the State called two court-appointed psychiatrists as witnesses, in addition to two of appellant's psychiatrists. All four psychiatrists testified that appellant knew right from wrong at the time of the commission of the act. In furtherance of his defense of insanity, appellant called but two lay witnesses. Obviously, there was neither such a dearth of experts available, nor such a precarious position occupied by the State so as to violate the attorney-client privilege.
Accordingly, for the above reasons, appellant's sentence and conviction are hereby reversed and remanded for new trial.
Reversed and remanded.
NOTES
[1] In fairness to the trial judge, it must be mentioned that the Roberts decision had not been rendered until after appellant's trial.