428 So.2d 713 (1983)
Norman URSRY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1256.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Rehearing Denied April 20, 1983.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Norman Ursry, appeals his conviction and sentence for attempted sexual battery.
*714 Appellee charged appellant by information with an attempted sexual battery which occurred on August 13, 1976 at the Palm Beach Mall. On September 2, 1976, appellant's public defender moved for an appointment of qualified experts pursuant to Florida Rule of Criminal Procedure 3.210(c) to determine whether appellant was competent to stand trial or was insane at the time of the commission of the offense. As grounds for the motion, appellant submitted the examination by Michael Zelenka, Ph.D., a clinical psychologist affiliated with the office of the Public Defender. The trial court appointed another psychiatrist to examine appellant. Based on that doctor's examination, the trial court found appellant insane and incompetent to stand trial. On July 23, 1981, appellant was discharged by the mental hospital and returned to the county jail. The trial court found appellant competent to stand trial. He filed a notice of intent to rely on the defense of insanity and stated that he expected to establish his insanity through numerous witnesses including Michael H. Zelenka, Ph.D. Appellant listed Michael H. Zelenka, Ph.D., as a witness that he expected to call at trial, and the state attorney, after being informed by appellant's counsel that he did not intend to call Michael H. Zelenka, filed a supplemental witness list and listed Zelenka as a prosecution witness. Appellant then moved to exclude Zelenka as a prosecution witness on the grounds of attorney-client privilege. Appellant alleged at the time of Zelenka's examination of appellant that Dr. Zelenka "was operating under an agreement to conduct psychological evaluations of the public defender's clients." The trial court, over appellant's objections, permitted Dr. Zelenka to testify on behalf of the State. Dr. Zelenka gave the only expert testimony adverse to appellant's insanity defense. The jury found appellant guilty. The trial court denied appellant's motion for a new trial and this appeal followed.
The Court in Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977) affirmatively answered the question: "whether the doctrine of attorney-client privilege bars the State from deposing and calling as witnesses psychiatrists hired by an accused or his counsel for the sole purpose of aiding the accused and his counsel in the preparation of his defense, i.e., insanity." Id. at 641. This Court cited with approval Pouncy v. State in Townsend v. State, 420 So.2d 615, 618 (Fla. 4th DCA 1982),
The correct rule is clearly set forth in Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977). There, the Court held that where a psychiatrist is employed by counsel for a defendant to assist him in preparing a defense for his client and not to treat the defendant the State may not depose the expert or call him as a witness. The witness is subject to the attorney-client privilege. On the other hand, if the doctor is used as a witness, the privilege dissipates and he is subject to treatment as any other witness. See also United States v. Alvarez, 519 F.2d 1036 (3d Cir.1975) and McMunn v. State, 264 So.2d 868 (Fla. 1st DCA 1972).
Appellee argues that this case falls outside the decision of Pouncy v. State because appellant listed Dr. Zelenka on his witness list and that the attorney-client privilege is waived at that point as a matter of law. Appellee suggests that Florida Rule of Criminal Procedure 3.220(b)(3) allows the prosecutor to subpoena all witnesses whom defense counsel expects to call as a witness at trial. We do not find this argument persuasive since appellant at the hearing on his motion to exclude Zelenka stated that he did not intend to call Dr. Zelenka as a defense witness and in addition, appellee candidly admitted that he decided to call Dr. Zelenka only after appellant told him that he would not be a defense witness. We have previously stated in Townsend v. State, supra, that the attorney-client privilege dissipates when the doctor is used as a witness. Here the doctor did not testify for the defense.
The Court in Pouncy pointed out that The one major exception to this attorney-client privilege is where the trier of fact is so effectively deprived of valuable witnesses so as to undermine the public interest in the administration of justice. *715 United States ex rel. Edney v. Smith [425 F. Supp. 1038] supra; Sepler v. State, 191 So.2d 588 (Fla. 3d DCA 1966).
Id. at 642. Appellee argues that Dr. Zelenka's testimony should be permitted because of a "public interest" exception. The record fails to demonstrate that appellee made any attempt to retain its own experts to examine appellant and therefore has failed to show that the application of this attorney-client privilege so effectively deprived the State of valuable witnesses so as to undermine the public interest and the administration of justice.
Accordingly, we hold that the trial court erred when it admitted the testimony of Dr. Zelenka and therefore we must reverse and remand this case for a new trial.
REVERSED and REMANDED.
LETTS, C.J., and BERANEK and DELL, JJ., concur.