UNITED STATES of America, Plaintiff,

v.

Stanley FRIEDMAN, Michael Lazar, Lester Shafran, Marvin Kaplan, Marvin Bergman and David Leff, Defendants.

SS 86 Cr. 259(WK).

United States District Court,
S.D. New York.

June 19, 1986.

See also D.C., 635 F.Supp. 782; D.C., 638 F.Supp. 816.

Thomas P. Puccio, Stroock & Stroock & Lavan, New York City, for defendant Friedman.

Irving P. Seidman, New York City, for Geoffrey Lindenauer.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Defendant Stanley Friedman has subpoenaed from two doctors the psychiatric records of Geoffrey Lindenauer, an anticipated witness against Friedman in his upcoming trial. Lindenauer has moved to quash the subpoenas, claiming protection under the psychotherapist-patient privilege. We have received the records in question from one of the doctors for an *in camera* inspection. We now substantially grant Lindenauer's motion to quash as to those records.

From the records we received from the psychiatrist, (handwritten notes of psychiatric sessions from 1970–1984, the vast majority of which pertain to the period prior to that which contains the acts alleged in this indictment, and a letter of recommendation from the psychiatrist to a third party in no way involved in this proceeding), we observe at the outset that none of this material is relevant to this case and, in the exercise of our discretion, we would not permit its use at trial regardless of any claim of privilege. Nonetheless, the proper standard on a motion of this sort is not admissibility but discoverability, and we must determine whether the witness Lindenauer is entitled to any form of protection for these documents.

The question of whether a witness is entitled to protection for psychiatric records and, if so, the extent of such protection, remains unsettled. It has been presented to the courts in terms of both privilege and privacy rights. *See, e.g., In Re Doe* (2d Cir.1983) 711 F.2d 1187; *United States v. Lindstrom* (11th Cir.1983) 698 F.2d 1154; *In Re Zuniga* (6th Cir.1983) 714 F.2d 632. Courts have generally considered the matter on the facts of the particular case involved, often after *in camera* inspection of the records in question, and weighed the interest in disclosure of the particular material there at issue against the witness-patient's interest in the confidentiality of that information. As the Court of Appeals noted in *In Re Doe* (2d Cir.1983) 711 F.2d 1187, 1193, the four conditions advanced by Professor Wigmore as necessary to the establishment of a privilege could obtain in a true psychotherapist-patient relationship. These four conditions are: 1) the communication must be one made in the belief that it will not be dis-

closed; 2) confidentiality must be essential to the maintenance of the relationship between the parties; 3) the relationship should be one that society considers worthy of being fostered; and 4) the injury to the relationship incurred by disclosure must be greater than the benefit gained in the correct disposal of litigation. 8 J. Wigmore *Evidence* § 2285, at 572 (McNaughton rev. 1961).

In *Doe,* a case involving a Grand Jury investigation into an alleged sham medical clinic, the Court of Appeals refused to recognize the presence of any such privilege. The court's analysis focussed on the balancing required by the fourth of Wigmore's conditions and noted that the *in camera* inspection undertaken by the court below revealed that

> there are no communications in these files of the intensely personal nature that the psychotherapist-patient privilege is designed to protect from public scrutiny. There is also no need to redact the names of supposed patients before surrender of the files because there is substantial evidence indicating that no real psychotherapist-patient relationship existed between Doe and the persons whose identities appear in the files.

711 F.2d at 1193. *Accord In Re Zuniga supra.* (Finding the existence of a psychotherapist-patient privilege but holding that the balance there tipped against its application); *United States v. Witt* (S.D.N.Y.1982) (Haight J.) 542 F.Supp. 696 (no psychotherapist-patient privilege can be asserted by a physician who was not a psychiatrist or psychologist, in order to shield records from Grand Jury investigating alleged "scrip mill" used to evade taxes and distribute controlled substances); *see United States v. Lindstrom, supra* at 1166 (after an *in camera* inspection revealed that "the key witness was suffering from an ongoing mental illness which caused her to misperceive and misinterpret the words and actions of others, and which might seriously affect her ability to know, comprehend and relate the truth" it was reversible error for the District Court to deny defendants access to these psychiatric materials.)

Unlike *In Re Doe* or any of the other above cited cases, the material here subpoenaed contains the type of intensely personal communications that the psychotherapist-patient privilege is designed to protect. The notes contain extremely personal statements made by the patient, recollections of past experiences, notes of dreams, as well as observations of the patient by the doctor. It is clear that a real, lasting and professional psychotherapist-patient relationship existed between Lindenauer and his doctor. Further, unlike *Lindstrom, supra,* nothing in our inspection of these materials suggests to us any impediment to Lindenauer's ability to know, comprehend and relate the truth.

We must conclude that all four conditions expressed by Professor Wigmore and weighed by the Court of Appeals in *In Re Doe, supra,* have been satisfied by the facts of the case at bar. Accordingly, the motion to quash is granted with respect to all of the doctor's material except the letter of recommendation which, although irrelevant, is not privileged.

SO ORDERED.