**NATIONAL TRANSPORTATION SAFETY BOARD, Petitioner,**

v.

**HOLLYWOOD MEMORIAL HOSPITAL, Respondent.**

**No. 89-6731-CIV.**

United States District Court, S.D. Florida.

April 11, 1990.

Lisa A. Hirsch, Asst. U.S. Atty., for petitioner.

Stuart Hopen, Hollywood, Fla., for respondent.

## ORDER QUASHING SUBPOENA AND DISMISSING CAUSE

GONZALEZ, District Judge.

This matter has come before the Court upon the petitioner, National Transportation Safety Board's ("the Board") motion for judgment on the pleadings. The Board seeks the production of documents concerning the psychiatric examination of the intervenor, Thomas L. Root, Esq. ("Root").

The respondent, Hollywood Memorial Hospital ("the Hospital"), has not filed a response to the Board's motion. Root, in response to the Board's motion, has filed a motion for judgment on the pleadings and a motion to quash the subpoena of his psychiatric records.

This matter centers around a mysterious airplane crash involving intervenor Thomas L. Root. Pursuant to the Independent Safety Board Act of 1974, the Board commenced its investigation into the airplane accident to determine and report the facts, conditions, circumstances, and the probable cause of the accident. 49 U.S.C.App. § 1903 *et seq.* On July 14, 1989, the Board issued its subpoena addressed to Respondent Hollywood Memorial Hospital seeking all of Root's medical records. The Hospital supplied the Board with all of Root's records, except for Root's psychiatric analysis.

It is these psychiatric records that are the subject of the Board's motion to enforce the administrative subpoena.

It is well settled in this federal circuit that there are no physician-patient and psychiatric-patient privileges in *criminal* trials. *U.S. v. Corona,* 849 F.2d 562, 566–567 (11th Cir.1988). The State of Florida does recognize psychiatric-patient privilege when the psychiatrist merely treated the patient, and such treatment was not solely for trial preparation. *Ursry v. Florida,* 428 So.2d 713, 714 (Fla. D.C.A. 4th 1983); *Pouncy v. State,* 353 So.2d 640, 641 (Fla. D.C.A. 3d 1977); Fla.Stat.Ann. § 90.503 (West 1990).[1] The communications which Root seeks to protect have not been made in connection with a criminal case filed against Root.

In civil matters, courts have recognized the grave importance of a psychiatric-physician privilege. The law in the Eleventh Circuit, however, is unsettled.

---

1. The State of Florida does recognize a "public interest" exception to the psychiatric-patient privilege when a court determines that the trier of fact will be deprived of a valuable witness or of valuable testimony. *Ursry v. Florida,* 428 So.2d at 715; *Pouncy v. State,* 353 So.2d at 642.

Courts have held that constitutional protection for communications between patients and their psychiatrists was required by the nature of the relationship which depends on a patient's confidence that what he reveals will remain confidential. *Miller v. Colonial Refrigerated Transportation Inc.,* 81 F.R.D. 741, 745–746 (M.D.Pa.1979), *citing, Caesar v. Mountanos,* 542 F.2d 1064, 1068 (9th Cir.1976), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 804 (1977). The privilege will remain in effect unless a compelling state interest outweighs the privilege. *Miller,* 81 F.R.D. at 747.

The constitutional right to privacy extends to the individual interest in avoiding the disclosure of personal matters, and medical or psychiatric records fall within that sphere. *In re Search Warrant,* 810 F.2d 67, 71 (3d Cir.), *cert. denied* in *Rochman v. U.S.,* 483 U.S. 1007, 107 S.Ct. 3233, 97 L.Ed.2d 739 (1987), *citing Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). Again, the privacy right must be balanced against legitimate state interests in order to protect the communications, etc. *In re Search Warrant,* 810 F.2d at 71–72, *citing, Whalen,* 429 U.S. at 599, 97 S.Ct. at 876.

The legitimate state interest alleged here is the Board's affirmative duty to investigate Root's airplane crash, under the Independent Safety Board Act of 1974. The Board claims that in this case, it needs to know the mental condition of the airplane's pilot. The Board further claims that the public interest in this information outweighs Root's confidentiality.

"The psychiatric patient confides more utterly than any one else in the world...." *U.S. v. Smith,* 425 F.Supp. 1038, 1043–1044 (E.D.N.Y.1976), *aff'd without opinion, Edney v. Smith,* 556 F.2d 556 (2d Cir.), *cert. denied,* 431 U.S. 958, 97 S.Ct. 2683, 53 L.Ed.2d 276 (1977), *citing Taylor v. U.S.,* 222 F.2d 398, 401 (D.C.Cir.1955).[2] This confidence will be waived when the communications are relevant to an issue of the mental of emotional condition of the patient in any *criminal* proceeding where the patient relies upon his condition as an element of his claim or defense. *Smith,* 425 F.Supp. at 1045.[3] In the instant case, Root's communications are not part of any criminal proceeding involving Root's claims or defenses. Root's communications, therefore, are privileged unless outweighed by state interests.

In deciding whether communications are privileged under the psychiatrist-patient privilege, courts have generally considered the facts of the particular case involved, and weighed the state's interest in disclosure of the particular material. *U.S. v. Friedman,* 636 F.Supp. 462 (S.D.N.Y.1986). Four conditions necessary to establishment of the privilege have been identified. These conditions are:

(1) the communication must be one made in the belief that it will not be disclosed; (2) confidentiality must be essential to the maintenance of the relationship between the parties; (3) the relationship should be one that society considers worthy of being fostered; and (4) the injury to the relationship incurred by disclosure

---

**2.** "Among physicians, the psychiatrist has a special need to maintain confidentiality. His capacity to help his patients is completely dependent upon their willingness and ability to talk freely. This makes it difficult if not impossible for him to function without being able to assure his patients of confidentiality and, indeed, privileged communication. Where there may be exceptions to this general rule ..., there is a wide agreement that confidentiality is a *sine qua non* for successful psychiatric treatment. The relationship may well be likened to that of the priest-penitent or the lawyer-client. Psychiatrists not only explore the very depths of their patients' conscious, but their unconscious feelings and atti-

tudes as well. Therapeutic effectiveness necessitates going beyond a patient's awareness and, in order to do this, it must be possible to communicate freely. A threat to secrecy blocks successful treatment."
*U.S. v. Smith,* 425 F.Supp. at 1043, *quoting,* Advisory Committee Notes to Proposed Rule 504, Federal Rules of Evidence, 56 F.R.D. 183, 242 (1972).

**3.** In *Smith,* the patient's communications to his psychiatrist were privileged as they were made for the purposes of diagnosis and treatment, yet for purposes of litigation. *Smith,* 425 F.Supp. at 1044.

must be greater than the benefit gained in the correct disposal of litigation.

*Friedman, Id.* at 462–463; *In re Doe,* 711 F.2d 1187, 1193 (2d Cir.1983); *See also,* 8 J. Wigmore, Evidence, § 2285 at 572 (1961); 2 J. Weinstein and M. Berger, Weinstein's Evidence, 504[03]–504[06].

Considering these four factors, the Court reaches the conclusion that Root's psychiatric testimony is privileged material, and that the privilege is not outweighed by the state's interest in these circumstances.

A balancing of Root's right against that of the Board and the public interest demonstrates that Root's privilege has not been overcome.

The first three conditions necessary to establish the privilege have clearly been met, and require no discussion. As to the fourth condition, this Court believes that the specific injury to the psychiatrist-psychotherapist-patient relationship which will follow disclosure in cases of this type is greater than the particular state interest involved.

Accordingly, it is ORDERED AND ADJUDGED as follows:

(1) The Petitioner's motion for Judgment on the Pleadings is DENIED.

(2) Intervenor Thomas L. Root's Motion to Quash Subpoena is GRANTED and the subpoena dated July 14, 1989 previously served on the Respondent herein and which is the subject matter of these proceedings is QUASHED.

(3) The cause shall hereafter stand DISMISSED.

DONE AND ORDERED.