**Thomas and Shirley JONES, Plaintiffs,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Defendant.**

No. 94–CV–246A.

United States District Court, W.D. New York.

Oct. 18, 1994.

---

April 7, 1994. The parties also executed a consent to proceed before the undersigned on October 12, 1994.

## BACKGROUND

Plaintiffs, Thomas and Shirley Jones, both New York residents, commenced this action against Commercial Union Insurance Company, a Massachusetts corporation with its principal place of business in Boston, in the New York State Supreme Court, County of Erie, on March 17, 1994. This action was filed after Commercial Union disclaimed liability on a fire insurance policy it issued to the Joneses. On March 31, 1994, Commercial Union filed an answer and removed the action to the United States District Court for the Western District of New York.

The Joneses allege that Commercial Union has wrongfully denied payment of their claim under an insurance policy issued in May, 1992. The Joneses seek $160,000 in physical damages to real and personal property, and $250,000 in punitive damages.

A motion to dismiss the plaintiffs' claim for punitive damages was filed on June 23, 1994 and oral argument on the motion was held on August 8, 1994. The motion was granted by Decision and Order dated October 17, 1994.

The motion is presently before the court on Commercial Union's motion to compel discovery of Shirley Jones' psychiatric records, filed September 7, 1994.[1] For the reasons set forth below, Defendant Commercial Union's motion to compel is GRANTED, in part, and DENIED, in part.

## FACTS

Thomas and Shirley Jones have owned a home at 385 Colonial Drive West on Grand Island for twenty years. They purchased a fire insurance policy from Commercial Union on May 31, 1992 for consideration of $299. *See* Complaint ¶ 2. The policy was valid for one year, and provided protection in the amounts of $104,000 for the residence, $72,-

Bouvier, O'Connor, Buffalo, NY, for Thomas and Shirley Jones (George R. Blair Jr., of counsel).

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for Commercial Union (Hugh M. Russ, III, of counsel).

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on

---

1. Commercial Union's motion requested all of Mrs. Jones' medical and psychiatric records related to her treatment at BryLin Hospital, Erie County Medical Center, or other treating physicians or hospital personnel. At oral argument, counsel for Commercial Union limited the demand to Mrs. Jones' psychiatric records from BryLin Hospital, dated March 25, 1992 to the present.

800 for personal property and $20,800 for loss of use. *See* Complaint ¶ 2.

On March 25, 1993, a fire occurred at the Joneses residence causing damage to the home and personal property within. *See* Complaint ¶ 4. Following the fire, Plaintiffs made a timely claim on their Commercial Union policy, Complaint ¶ 5, claiming damages of $75,000 to the dwelling, $65,000 for loss of contents and $21,800 for living expenses.

After investigating the circumstances surrounding the fire, Commercial Union denied payment of the claim. Commercial Union alleges that it is not liable under the policy as the Plaintiffs violated the terms of the policy by intentionally setting the fire. Specifically, Commercial Union claims Shirley Jones deliberately caused the fire in an attempt to commit suicide. The Plaintiffs argue that these records are privileged, and therefore, are not discoverable.

## DISCUSSION

■ Under Fed.R.Civ.P. 26(b)(1), any matter likely to lead to admissible evidence that is not privileged may be discovered. Issues regarding privilege are to be governed by principles of common law as they are interpreted by the courts in light of reason and experience. Fed.R.Evid. 501.

■ In a diversity action, the issue of privilege is to be governed by the substantive law of the forum state, however, discovery procedures are to be governed by federal law. *Dixon v. 80 Pine Street Corporation,* 516 F.2d 1278, 1280 (2d Cir.1975). *See also Application of American Tobacco Company,* 880 F.2d 1520, 1527 (2d Cir.1989). New York provides a privilege for both physician-patient and psychologist-client relationships. *See* N.Y.Civ.Prac.L. & R. §§ 4504, 4507. *See also In re Doe,* 964 F.2d 1325, 1328 (2d Cir.1992) (recognizing the existence of a psychotherapist-patient privilege under Fed. R.Evid. 501). When the privilege is raised, the court must determine whether a privilege exists, and, following a determination that the asserted privilege is available under applicable state law, the court will then examine the records of the physician, psychologist or psychotherapist *in camera* to determine the discoverability of the documents. *See United States v. Friedman,* 854 F.2d 535, 571 (2d Cir.1988), *aff'g United States v. Friedman,* 636 F.Supp. 462, 463 (S.D.N.Y.1986); *Dixon, supra,* at 1280. As psychiatric records are likely to contain thoughts and observations of an highly personal nature, the court must carefully consider the discoverability of such records in light of the patient's privacy interests as well as the evidentiary need for the documents. *In re Doe, supra,* at 1328. *See Cynthia B. v. New Rochelle Hospital Medical Center,* 60 N.Y.2d 452, 470 N.Y.S.2d 122, 458 N.E.2d 363, 368 (1983) (recognizing that it is advisable for the court to perform an *in camera* inspection of psychiatric records, balancing the need to protect the patient with the potentially detrimental effects of disclosure).

■ In the instant case, Commercial Union has requested production of the psychiatric records of Mrs. Jones from March 25, 1992 to the present. The Defendants allege that these records may contain admissions by Mrs. Jones concerning her attempted suicide, or her actions on the day of the fire. *See* Defendant's Motion to Compel, dated September 7, 1994 ¶ 9. As a psychotherapist-patient privilege exists under New York law, the court will determine whether these records are, in fact, relevant to this case, and, if so, whether they are privileged under New York law.

In the case at bar, if there is substantial evidence indicating that an applicable privilege exists, and Shirley Jones' mental records are of the personal nature that the privilege is designed to protect from disclosure, then the court must balance the patient's privacy interests against the evidentiary need for the documents. *See Cynthia B., supra,* 470 N.Y.S.2d at 127, 458 N.E.2d at 368. *See also In re Doe, supra,* at 1328.

Therefore, Plaintiffs shall submit Shirley Jones' psychiatric records, from March 25, 1992 to the present, to the court, under seal, to be inspected *in camera.* Thereafter, the court will make a determination as to whether such records are discoverable. Counsel to Mrs. Jones may submit such records with an affirmation as to completeness directly to

this court's chambers without filing same with the Clerk's office.

### CONCLUSION

Based on the foregoing discussion, Defendant Commercial Union's motion to compel discovery of Shirley Jones' psychiatric records is GRANTED, insofar as the disputed records will be submitted to the court for an *in camera* inspection. Such records should be submitted no later than November 4, 1994. A final determination on the motion will be made by the court following such review.

SO ORDERED.