652 So.2d 948 (1995)
H.A.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1359.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
After H.A.W. was adjudicated delinquent and committed to the Department of Health and Rehabilitative Services, the trial court ordered his defense counsel (the Public Defender's Office) to release H.A.W.'s psychological evaluation to the Department for use in his treatment. On appeal, H.A.W. argues that disclosure of this information violates his lawyer-client privilege[1] and his psychotherapist-patient privilege.[2] We agree and accordingly quash this order.
*949 Chapter 39 permits the trial court to order psychological evaluations and to require treatment for children alleged or determined to be delinquent. See, e.g., §§ 39.046(1); 39.046(2); 39.052(3), Fla. Stat. (1993).[3] However, the evaluation at issue here was not ordered by the court; rather, it was requested and paid for by the Public Defender's Office. Although the evaluation was admittedly performed after H.A.W. entered a guilty plea to the charges in the delinquency petition, the Public Defender asserted that the evaluation had been requested to aid in H.A.W.'s defense.[4]
When a psychotherapist is employed by counsel for a defendant to assist him in preparing a defense for his client and not to treat the defendant, the state may not depose the expert or call him as a witness; this witness is subject to the attorney-client privilege. Ursry v. State, 428 So.2d 713 (Fla. 4th DCA), rev. denied, 438 So.2d 834 (Fla. 1983); Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977). See also State v. Hamilton, 448 So.2d 1007 (Fla. 1984) (when appointed counsel informs the court that he has reason to believe that his client is incompetent to stand trial or was insane at the time of the offense, the trial court must appoint an expert to examine the defendant in order to assist his attorney in the preparation of his defense; once this expert is appointed, all matters related to that expert are confidential and any inquiry into the communications between the expert and attorney would violate the attorney-client privilege).
The fact that H.A.W. had been adjudicated delinquent and sentenced before the court ordered defense counsel to release the evaluation does not waive H.A.W.'s privileges under sections 90.502 and 90.503. Similarly, there is nothing in chapter 39 which permits the court to abrogate H.A.W.'s privileges simply because the evaluation is to be used for post-disposition matters. See R.W. v. Soud, 639 So.2d 25 (Fla. 1994) (section 39.043, which enumerates a number of prohibited uses of detention, applies whether the juvenile is alleged to have committed a delinquent act or already has been adjudicated delinquent).
Accordingly, we affirm the order determining H.A.W. to be delinquent but quash the order requiring his counsel to furnish the Department of Health and Rehabilitative Services with his psychological evaluation.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Section 90.502(2), Florida Statutes (1993) provides that:

A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.
[2] Section 90.503(2), Florida Statutes (1993) provides that:

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
[3] However, these court-ordered reports do not implicate the attorney-client privilege and are specifically exempt from the psychotherapist-patient privilege. See § 90.503(4)(b) ("There is no privilege under this section for communications made in the course of a court-ordered examination of the mental or emotional condition of the patient.")
[4] The evaluation was available to defense counsel prior to the disposition hearing and perhaps information from it may have been used to argue for various dispositional alternatives available to the court.