DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISAIAH LEON THOMAS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D16-313

[April 27, 2016]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 2013CF012962 AMB.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Isaiah Thomas seeks certiorari review of a trial court order allowing the prosecution to question his fingerprint expert about work he did at the request of defense counsel. Thomas asserts work product protection and related objections. Certiorari lies. *See, e.g., Manuel v. State*, 162 So. 3d 1157, 1158 (Fla. 5th DCA 2015); *Kidder v. State*, 117 So. 3d 1166, 1169 (Fla. 2d DCA 2013). We grant the petition and quash the order.

Thomas was charged with burglary of a dwelling and grand theft. The State moved to compel reciprocal discovery, alleging that its primary evidence linking Thomas to the burglary was latent fingerprints located inside the victim's residence and that a defense fingerprint expert had tested the prints independently. The State sought the results of that testing. Thomas objected on work product privilege and related grounds. He claimed there was no discoverable material available because there were no written reports or statements of any expert to produce for inspection, copying, testing, or photographing. As such, he argued Florida Rule of Criminal Procedure 3.220(d)(1)(B)(ii) did not apply. Thomas further

alleged that no work done by the defense expert was in his "possession or control," as required by this rule. Thomas argued that even if a statement or report had been created, it would be work product as it came from a non-testifying member of the defense team, as his fingerprint expert was a consultant on the defense team recruited to assist in forming a strategy to challenge the prosecution's fingerprint expert witness, not a testifying witness.

The Florida Supreme Court has recognized the confidentiality of the work product of a nontestifying expert hired to prepare a defendant for trial. *See State v. Fitzpatrick*, 118 So. 3d 737, 755 n.13 (Fla. 2013).

Also, the work product doctrine has been recognized and applied in criminal cases such as *State v. Rabin*, 495 So. 2d 257, 261 (Fla. 3d DCA 1986), and is codified in Fla. R. Crim. P. 3.220(g)(1), which provides:

> **(g) Matters Not Subject to Disclosure.**
> (1) *Work Product.* Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney or members of their legal staffs.

This rule does not define what constitutes a member of the defense attorney's "legal staff." Even so, case law in civil cases supports work product protection of expert witnesses or consultants who will not be testifying at trial. In *Healthtrust, Inc.-The Hospital Co. v. Behan*, 638 So. 2d 635 (Fla. 4th DCA 1994), for example, this Court quashed a trial court order allowing the deposition of an expert witness who was not designated as an expert witness for trial, ruling that work product protected against deposition of the expert. *Id.* at 635.

The fact that the prosecution placed Thomas's expert consultant on its witness list for trial does not eviscerate work product and other protections from discovery set forth in rule 3.220.

Accordingly, the trial court departed from the essential requirements of law in allowing the State to contact the defense expert and speak with him about the work he performed at the request of defense counsel.

*Petition granted. Order quashed.*

MAY, FORST, and KLINGENSMITH, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*